UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LOVES FURNITURE INC.,

                Debtor.
_____/

Case No. 21-40083

Chapter 11

Judge Thomas J. Tucker

MICHAEL A. STEVENSON,
LIQUIDATION TRUSTEE,

                Plaintiff,

vs.

JEFF LOVE, *et al.*,

                Defendants.
_____/

Adv. No. 22-4050

**ORDER DENYING, AS MOOT, PLAINTIFF'S MOTION (DOCKET # 77) SEEKING TO DISMISS THE US ASSETS PARTIES' JOINT COUNTERCOMPLAINT (DOCKET # 69), WITHOUT PREJUDICE TO PLAINTIFF'S RIGHT TO SEEK SANCTIONS AGAINST THE US ASSETS PARTIES FOR FILING THEIR COUNTERCOMPLAINTAND FOR FILING THEIR FIRST AMENDED COUNTERCOMPLAINT (DOCKET # 86)**

This adversary proceeding is before the Court on a motion filed by the Plaintiff Michael Stevenson, Liquidation Trustee, entitled "Plaintiff/Counter-Defendant Michael Stevenson's Motion to Dismiss Defendants/Counter-Plaintiffs US Assets, Inc., James David Aarant, T&L Financial, Inc., Del Roy Funds LP, TJKZ Construction LLC, US Assets Acquisition, LLC, US Petz, Inc. [sic], White Oak Station, LLC, and US Realty Co.'s [(the "US Assets Parties'")] Joint Countercomplaint (ECF No. 69)" (Docket # 77, the "Motion").

The Motion seeks (1) dismissal of the US Assets Parties' joint countercomplaint filed on October 6, 2022 (Docket # 69), and (2) sanctions against the US Assets Parties for their filing of

the countercomplaint.

The Motion was filed on October 27, 2022. The US Assets Parties had until November 10, 2022 to respond to the Motion. They failed to timely respond to the Motion, and in fact never have responded to the Motion. On November 11, 2022, the Plaintiff filed a Certification of Non-Response regarding the Motion (Docket # 84). Later that same day (November 11, 2022), the US Assets Parties filed a first amended joint countercomplaint (Docket # 86). On November 23, 2022, the Plaintiff filed a motion to dismiss the amended countercomplaint (Docket # 87, the "Second Motion to Dismiss"), seeking (1) dismissal of the amended countercomplaint and (2) sanctions against the US Assets Parties for their filing of the countercomplaint and the amended countercomplaint.[1]

The filing of the first amended countercomplaint renders the Motion moot, to the extent that the Motion seeks dismissal of the countercomplaint,[2] but not to the extent that it seeks sanctions for the US Assets Parties' filing of the countercomplaint. For these reasons, and in the interest of judicial economy with respect to the sanctions issue;

IT IS ORDERED that the Motion (Docket # 77) is denied, as moot, to the extent the Motion seeks the dismissal of the US Assets Parties' countercomplaint (Docket # 69).

IT IS FURTHER ORDERED that in all other respects, the Motion (Docket # 77) is

---

[1] The Court construes the Plaintiff's Second Motion to Dismiss as seeking sanctions for the US Assets Parties' filing of both the countercomplaint and the first amended countercomplaint.

[2] *See Tieszen v. eBay, Inc.*, No. 4:21-CV-04002-KES, 2022 WL 2869478, at *1 (D.S.D. July 21, 2022) ("When an amended crossclaim is filed, it supersedes the original crossclaim, meaning the original crossclaim no longer has any legal effect. *See Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). As a result, a motion to dismiss the original crossclaim is moot after an amended crossclaim is filed. *Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); see also Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) ("[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot.")").

denied, without prejudice to the Plaintiff's right to seek sanctions against the US Assets Parties for their filing of the countercomplaint, as well as for the filing of their first amended countercomplaint (Docket # 86).

**Signed on December 5, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**